RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 08/10/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ELIJAH FREEMAN | CIVIL ACTION NO. 05-0660 |
| VS. | SECTION P |
| JAIL OF TENSAS PARISH, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of Elijah Freeman filed *pro se* and *in forma pauperis* on April 13, 2005. Freeman is a pre-trial detainee. He is currently detained at the Franklin Parish Detention Center in Winnsboro, Louisiana, but he complains of the conditions of confinement at the Tensas Parish Jail (TPJ) in St. Joseph, Louisiana where he was detained during an unspecified period of time.

Plaintiff names TPJ Warden Earnest Hestler, Tensas Parish Sheriff Ricky Jones, the Tensas Parish Jail, the Tensas Parish Police Jury, and Woodrow Wiley, who plaintiff identifies as the "Head" of the Tensas Parish Police Jury. Plaintiff prays for compensatory damages in an unspecified amount "...for pain and suffering, mental stress, mental anguish, athlete's foot fungus, rhinovirus, rash, un-proper [sic] ventalation [sic], mold and mildew on sleeping area and respiratory syncytial [sic] virus etc..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff was detained at the TPJ for an eight month period while awaiting trial on

unspecified charges in an unspecified jurisdiction. Plaintiff was transferred to the Franklin Parish Detention Center sometime prior to April 13, 2005, the date suit was filed.

In his original complaint plaintiff complained of mold and mildew in the bed areas and on the showers and walls. He complained of improper ventilation – rust and dust but no fresh air blown into the cells. He complained of leaking toilets causing standing water near the toilets and bad odors. He claimed poor shower drainage which caused shower water to back up into the cells. He also complained that the drinking water looked like rust. He claimed that the TPJ does not clean or sanitize the cell areas.

According to plaintiff, these conditions caused plaintiff to develop a skin rash, athlete's foot, diarrhea, respiratory infection and flu.

Plaintiff was ordered to amend his complaint to provide additional details. In his Amended Complaint filed on July 8, 2005 plaintiff claimed that he reported the various infections to the Warden of TPJ, the Sheriff of Tensas Parish, and the head of the Tensas Parish Police Jury. He claims that these defendants delayed medical care for a period of two weeks.

He claimed that the TPJ does not have an administrative remedies procedure, or, if they do, the defendants do not provide grievances. He claims that the defendants were told about the conditions of the jail but have refused to correct the problems.

He claimed that Warden Hestler and Sheriff Jones are the "care taker" of each inmate. He claimed that their failure to promptly provide him with medical attention is a violation of his constitutional rights. He claims that he suffered with skin rash, athlete's foot, and diarrhea for two weeks before he was provided medical treatment; he claims that he suffered from the flu for one week before receiving treatment. He reiterated his complaints about ventilation, plumbing,

and the unsanitary conditions and then claims that these conditions caused athlete's foot in October, 2004.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint was determined to be deficient; plaintiff was ordered to amend his complaint to provide sufficient detail so as to enable the court to properly evaluate his claims. Petitioner's amended complaint did not provide the detailed information requested. Nevertheless, it appears that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. 42 U.S.C. §1997e

As a pretrial detainee at the time of the alleged deprivations, plaintiff's constitutional rights arise from the due process guarantees of the Fourteenth Amendment. See *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996) (*en banc*). Nevertheless, there is no significant legal distinction between pre-trial detainees and convicted prisoners when addressing complaints "concerning basic human needs." See *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir.2001). "[P]rison authorities may not withhold from prisoners the basic necessities of life, which includes

reasonably adequate sanitation." *Sanford v. Brookshire*, 879 F.Supp. 691, 693 (W.D.Tex.1994). The United States Constitution "forbids deprivation of the basic elements of hygiene." *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir.1983) (Eighth Amendment claim).

Courts apply different tests when "analyzing constitutional challenges by pretrial detainees" depending upon whether the challenge is classified "as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" [FN3] *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997) (*en banc*) (quoting *Hare*, 74 F.3d at 644) (Despite the practice of differentiating between these two tests, "the reasonable-relationship test employed in conditions of confinement cases is the functional equivalent to the deliberate indifference standard employed in episodic cases." *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir.1997) (en banc).

A challenge constitutes an attack on conditions of confinement when the detainee attacks "general conditions ... or restrictions of pretrial confinement." *Id.* (quoting *Hare*, 74 F.3d at 644). Challenges to general conditions of confinement require application of "the reasonable relationship test of *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)." *Id.* Under that test, "a constitutional violation exists only if [the court finds] that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective." *Id.* In addition, to succeed on a deprivation-of-hygiene claim, plaintiff must show an "extreme deprivation" of sanitation. See *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). In other words, even if the pre-trial detainee establishes evidence of a punitive purpose, in conditions of confinement claims, there is "a *de minimis* level of imposition with which the Constitution is not concerned." *Hamilton v. Lyons*, 74 F.3d 99, 106 (5th Cir.1996).

Plaintiff complains of mold and mildew in the showers and even in his bed; he claims that the ventilation is deficient and that the drinking water is the color of rust. He complains of odors emanating from the toilets because of problems with the plumbing. He was forced to endure these uncomfortable conditions for at least one month (October, 2004) and perhaps for as long as eight months.[1] Regrettable as that may be, plaintiff has not established that he is entitled to monetary damages for his pain and suffering and mental anguish and stress.

42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997). The Fifth Circuit has not yet defined the parameters of what constitutes a "physical injury" in this context. However, some guidance in this context is offered by the case of *Luong v. Hatt*, 979 F.Supp. 481 (USDC - ND Tex. 1997). In that case, the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims. The court reasoned that the determination of whether or not an injury exceeds the *de minimis* threshold should be determined based upon how "...people in a free world setting in exercising their day-

---

[1] In his original complaint plaintiff alleged, "I was there for eight months of incarceration." [Doc. 1, p. 5] However, in his amended complaint he alleged, "The Tensas Parish Jail is full of mold, and mildew. There is improper ventilation in the jail and defective plumbing, unsanitary conditions. The showers are full of mold and mildew, the water won't run out of the showers causing athlete's foot to everyone that showers. This happen [sic] in October 2004 in the Tansas Parish Jail in St. Joseph, La." [Doc. 6, paragraph 3]

to-day medical care would treat such injuries." *Luong*, 979 F. Supp. at 486.

The court reasoned,

> "Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?
>
> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about [sic] *de minimis*, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." *Id.*

Plaintiff has alleged that the unsanitary conditions complained of caused him to have a non-specific rash, athlete's foot, diarrhea, and flu like symptoms or rhinovirus. None of these conditions necessarily require treatment by a medical care professional. All are treatable in the home with common over-the-counter medications.[2] In short, plaintiff's alleged injuries are *de*

---

[2] See Medline Plus, Medical Encyclopedia, A Service of the United States National Library of Medicine and the National Institutes of Health at http://www.nlm.nih.gov/medlineplus/encyclopedia.html

*minimis* and therefore his claim for monetary damages is legally without merit.[3] See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper*, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by §1997e(e) sufficient to support a claim for monetary damages); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir.2003), *cert. denied*, --- U.S. ----, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*).

### 3. Medical Care Claim

In his amended complaint, plaintiff claimed that the defendants denied him prompt medical attention. Specifically, plaintiff complained that it took two weeks before he could see a physician about his athlete's foot, diarrhea, and skin rash. It took one week before he could see a

---

[3] The undersigned notes that plaintiff promised in his original complaint, "There's more facts to be exposed in my doctor's report and photographic proof." [Doc. 1, p. 5] However, when directed to provide such information, plaintiff declined. Instead, he alleged in his amended complaint, "Plaintiff reported the various infections to these defendant. [sic] I wasn't taken to the doctor untill [sic] these infections had gotten so bad I couldn't hardly stand it... Plaintiff did ask to go to the Doctor. But it took the defendant at least two (2) weeks to get plaintiff to a Doctor. Plaintiff did obtain medical treatment but it was so bad when he was taken to the Doctor." [Doc. 6, paragraph 4] As further noted by the court in *Luong, supra*, "In the prison setting ... the correction officers are usually required regardless of observable injuries, no injuries, etc., to take the inmate to the prison infirmary to have an examination to determine if the prisoner received any physical injury requiring professional medical care. Thus, the mere reporting [of injury] by the medical personnel does not prove the inmate has received a physical injury which measure up to the standards set out in the current statute..." *Luong v. Hatt*, 979 F. Supp., at 486.

physician about his flu.

The constitutional right of a pretrial detainee to medical care is based upon the due process guarantee of the Fourteenth Amendment. *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir.2000). That right is violated only if the defendants act with deliberate indifference to a substantial risk of serious medical harm which results in injury. *Id.* Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. *Id.* Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.* The same test is applied under an Eighth Amendment analysis appropriate to the resolution of a convict's medical care claim. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)

Thus, plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing. As shown above, plaintiff cannot show that his medical needs were even serious.

In any event, deliberate indifference in the context of the failure to provide reasonable medical care to either a pretrial detainee or a convict means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th

Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. The facts alleged by the plaintiff establish that he was examined and treated by a physician for his relatively non-serious ailments.

Plaintiff has not shown that any of the defendants were aware of facts from which an inference of <u>substantial risk of serious harm</u> could be drawn; that they actually drew that inference; and that their response indicated that they subjectively intended that harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001) Further, whether or not they "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

In short, plaintiff's medical care claim is also frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE